*J. A. Stein, J. R. Coffroth, T. B. Ward, G. O. Behm,* and *A. O. Behm,* for appellee.

———•———

## INGE *v.* GARRETT.

REAL ESTATE, RECOVERY OF.—*Pleading.—Description of Real Estate.*—Where a complaint to recover the possession of real estate contains two different descriptions, each intended to apply to the same tract, words of a particular

Inge *v.* Garrett.

description will control more general terms of description, when both cannot stand together, and the particular description will be adopted and the general description rejected.

SAME.—*Evidence.—Deed.*—A deed to the plaintiff in such case, in which the real estate is described in the general terms alleged in the complaint, and which does not contain the particular description in the complaint, is not admissible in evidence.

SAME.—*Conveyance after Suit Brought.*—In an action to recover the possession of real estate, a deed conveying the real estate in controversy to the plaintiff, executed after the commencement of the suit, will not enable the plaintiff to maintain his action.

APPEAL from the Parke Circuit Court.

DOWNEY, J.—This was a suit by the appellant against the appellee to recover possession of the following real estate: "Thirteen and one-quarter acres of land off the south end of the west half of the north-east quarter of section one, township fifteen, north of range six west, all lying north of Big Raccoon creek, more particularly described as follows: beginning on the half section line sixty-seven rods and sixty-four hundredths south of the north-west corner of the north-east quarter of section one, township fifteen north of range six, west; thence east fifty-seven rods and forty-hundredths to the center of Big Raccoon creek; thence south thirteen degrees west thirty-four rods and ten-hundredths; thence south sixty-one and one-half degrees west twenty rods; thence north eighty-six degrees west eighteen rods and thirty-hundredths; thence north seventy-six degrees west fourteen rods and twenty-hundredths to the half section line; thence north thirty-eight rods to the place of beginning, in Parke county, Indiana."

The defendant pleaded the general denial.

On the second trial of the cause, there was a verdict for the defendant. The plaintiff moved the court to grant him a new trial, which motion was overruled. The reasons assigned therefor were as follows:

First, the court erred in refusing to admit in evidence the deed of Chesley L. Inge to Chesley H. Inge, executed the

25th of February, 1867, which was at the time excepted to, and deed set out in bill of exceptions.

Second; the court erred in refusing to admit the second deed of Chesley L. Inge to Chesley H. Inge for the purpose of correcting error in description of first deed above described, which was excepted to at the time, and said deed set out in bill of exceptions.

Third, the court erred in refusing to admit in evidence, to support plaintiff's title, the first and second deeds executed by Chesley L. Inge to Chesley H. Inge, both of which were offered in evidence for the purpose of *sustaining* the plaintiff's title to the tract of land referred to, but erroneously described in the first deed, and corrected in description by the second deed, which offer the court refused to sustain, and excluded said deeds from the jury; all of which was excepted to at the time.

Fourth, the verdict of the jury is not sustained by the evidence, and is contrary to law.

Fifth, the court erred in instructing the jury to return a verdict for the defendant.

The bill of exceptions does not profess to contain all the evidence, but it contains the deeds which were offered in evidence and excluded by the court. It contains no instructions. In this condition of the record, the fourth and fifth reasons for a new trial need not be further noticed. It having been assigned for error that the court improperly refused to grant a new trial, we must examine the *other* reasons.

The deed from Chesley L. Inge and wife to Chesley H. Inge, the plaintiff, of date February 25th, 1867, describes the real estate, as follows: Thirteen and a quarter acres of land off the south end of the west half of the north-east quarter of section one, township fifteen, north of range six, west, all lying on the north-side of Big Raccoon, in Parke county, Indiana. The bill of exceptions says the court excluded this deed on the ground that the description of the land therein did not cover the land described in the complaint.

The plaintiff then offered a deed from Chesley L. Inge and wife to the plaintiff, made for the purpose of correcting the erroneous description of the land in the preceding deed, and which latter deed was made and delivered to the plaintiff after the action was commenced, and described the land as follows: A part of the west half of the north-east quarter of section one, township fifteen, north of range six, west, described as follows: beginning on the half section line sixty-seven rods and sixty-four one-hundredths south of the north-west corner of the north-east quarter of section one, township fifteen, north of range six, west; thence east fifty-seven rods and forty-hundredths to the center of Big Raccoon; thence south thirteen degrees west thirty-four rods and ten-hundredths; thence south sixty-one and one-half degrees west twenty rods; thence north eighty-six degrees west eighteen rods and thirty-hundredths; thence north seventy-six degrees west fourteen rods and twenty-hundredths to the half section line; thence north thirty rods to the place of beginning, containing thirteen and one-quarter acres, more or less. This deed was also rejected. The land embraced in the general description in the complaint is not and cannot be the same land as that embraced in the particular description. Thirteen and a quarter acres off the south end of an eighty-acre tract of land cannot be the same as thirteen and a quarter acres included in the lines given, commencing at a point on the west line of that eighty-acre tract, sixty-seven rods and sixty-four hundredths south of its north-west corner.

If the first or general description of the land in the complaint is to control, then the first deed offered was improperly rejected, for the description in it is sufficiently definite, and corresponds with the general description in the complaint. But if the second or particular description of the land in the complaint must control, then the deed was properly rejected, for it did not tend, in any way, or in any degree, to show title in the plaintiff to the land so particularly described. There is no ambiguity in the descriptions of the

land. Each is sufficiently definite and certain, if it stood alone, to designate the land. The difficulty grows out of the fact that each designates a separate and distinct piece of land, and the second is not, as it professes to be, a more particular and specific description of the same land that is described in general terms in the first. If these different descriptions intended to apply to the same thing were in a deed, the rule that words of a particular description will control more general terms of description, when both cannot stand together, would require us to adopt the more particular description and reject the general. *Gano* v. *Aldridge*, 27 Ind. 294. We think the same rule must be applied to the complaint in this case. This determination of the question leads us to the conclusion that the first deed offered in evidence was properly rejected, because the description of the land mentioned in it did not conform to the particular description given of the land sued for in the complaint.

The other, and the only other, question in the case is, did the court properly reject the second deed offered in evidence by the plaintiff? This deed was executed after the suit was commenced, and contained a description of the land corresponding with the particular description in the complaint. It is a general rule that the plaintiff's right of action must have accrued before his action was commenced. Conceding then that the deed in question tended to show title in the plaintiff to the land in question, it only showed the acquisition of such title after the suit was commenced, which would not enable the plaintiff to maintain his action.

We have thus arrived at the conclusion that there was no error committed by the circuit court in its rulings in the case.

The judgment is affirmed, with costs.

BUSKIRK, J., being of opinion that the deeds should have been admitted in evidence, dissents.

D. E. *Williamson* and A. *Daggy*, for appellant.

J. M. *Allen* and W. *Mack*, for appellee.