LARGEY, respondent, *v.* SEDMAN, appellant.

| 3 | 357 |
| 15 | 313 |
| 39* | 286 |

PRACTICE — *correction of statement on appeal.* After a statement on appeal has been settled by the judge who tried the cause, this court will not correct the same by receiving the affidavits of parties claiming that the testimony of witnesses has not been reported correctly.

CASE AFFIRMED. The case of *Hale* v. *Park Ditch Co.*, 2 Mon. 498, holding that the twenty-sixth rule of this court is not applicable when the judge settles the statement on appeal according to his recollection of the evidence, affirmed.

*Appeal from First District, Madison County.*

SANDERS & CULLEN, and J. E. CALLAWAY, in support of the petition.

E. W. & J. K. TOOLE, and S. WORD, *contra.*

WADE, C. J. This is a petition to correct the statement on appeal, contained in the transcript in the case filed in this court, under the provisions of rule 26. The petition, which points out wherein the statement, as settled by the judge, differs from the recollection of the petitioner as to the evidence, is sworn to by the appellant. The petition is also supported by the affidavit of Thompson, one of the defendants in the court below and a witness upon the trial, in which the affiant attempts to show wherein the statement differs from, or is in conflict with, his recollection of the testimony.

This application comes directly within the decision of this court in *Hale* v. *Park Ditch Co.*, 2 Mon. 498, in which we hold that "the judge is to say what the witnesses testified to upon the trial, and not the witnesses themselves. * * * Neither is it proper for a party to procure affidavits from witnesses as to what they testified to, and present them to the court to influence his settlement of the statement. The statement must be settled by the judge from what transpired in court, and his memory upon the subject is absolute." It is further held that, where there is a conflict between the parties as to the evidence and what the statement should contain, the judge must settle such conflict, and in doing this, he must depend upon his own memory as to what the testimony was. Under the twenty-sixth rule "it must be shown to

this court that the judge refuses to certify to the statement as he remembers it."

This petition contains no such averment, and is wholly insufficient to bring this application within the rule and decision of this court, and is therefore dismissed.

*Petition dismissed.*