LEE W. FOSTER ET AL., respondents, *v.* GILBERT WILSON, appellant.

PLEADING — *Demurrer only reaches defects apparent on the face of pleadings.*

The complaint must support the judgment, and this objection may be raised in the supreme court for the first time.

## Appeal from Second District, Silver Bow County.

RANDOLPH & DE WITT, for appellants.

This is an appeal from a judgment of the second judicial district court overruling defendant's demurrer, and from the whole of said judgment. The action is brought to recover the possession of real property in the town of Walkerville.

Defendant demurred to the complaint on the grounds:

1st. That it is ambiguous, unintelligible and uncertain, in that it contains no adequate description of the land attempted to be brought into controversy sufficient to apprise defendant of the land intended to be claimed, or to enable an officer to identify it.

2d. That it does not set forth the character of the title upon which plaintiffs' claim of ownership is based; and

3d. That it does not set forth facts sufficient to constitute a cause of action.

I. Sec. 100, Code, p. 58, requires: "In an action for the recovery of real property, it must be described in the complaint with such certainty as to enable an officer upon execution to identify it."

"The defendant may demur to the complaint . . . when it appears upon the face thereof . . . that the complaint is ambiguous, unintelligible or uncertain." Code, sec. 85, subd. 7, p. 55.

The property is described in the complaint as follows, to wit: "That certain house and lot of ground on which it stands, situated and being in the town of Walkerville,

in said county of Silver Bow, Montana territory, and about one-eighth of a mile westerly from the hotel and boarding-house of Rollo Butcher, and called the Rainbow Hotel, and about four hundred yards southerly from the Alice Gold and Silver Mining Company's mill, said house being known as the Clark Hall House, and being the house where Clark Hall and wife formerly resided."

This is insufficient, and gives the defendant no information as to what property is claimed by plaintiffs. *Budd* v. *Bingham*, 18 Barb. 494; *St. John* v. *Northrope*, 23 Barb. 25.

In *Budd* v. *Bingham* the description of the land in controversy was more explicit even than in the present case. It was as follows: "That certain piece of land in the town of Southeast, in the county of Putnam, New York, and bounded as follows: On the north and east by the land of plaintiff; on the south by the land of defendant, and on the west by the land of plaintiff."

"This description, as I read and understand it," says the court, "embraces nothing whatever. The complaint contains no facts constituting a cause of action, and the defendant had his election to demur or avail himself of the defect on the trial."

In *St. John* v. *Northrope* the description of the land was much more specific, to wit: "All that tract or parcel of land situate in the village of Forrestville, county aforesaid, being a part of lot 58 in the sixth township and tenth range of the Holland Land Company's survey, bounded and described as beginning at a point in the south line of Main street in said village," etc., etc. The description is quite long and definite, and yet the court deemed an amendment of the complaint essential.

That the description is insufficient is established by the decree itself. It appears therefrom that, before plaintiffs could take judgment, they were obliged to amplify the description by the aid of testimony of witnesses as to the "*identity of property*," notwithstanding the facts

of the complaint were not controverted. The complaint must be sufficient in itself, without additional proof, to sustain the decree, otherwise it is demurrable. *Buchanan* v. *Sepulveda*, 39 Cal. 688.

As a clincher, the testimony so taken to "*identify* the property" actually described another property one quarter of a mile, at least, away from that suggested in the complaint, to wit: "That certain house and lot . . . about one-eighth of a mile *easterly* from the hotel and boarding-house of Rolla Butcher." Observe that the complaint demanded a house and lot one-eighth of a mile *westerly* from said boarding-house.

· Here we encounter the anomaly of a decree for the recovery of property for which no action was ever instituted. A decree taken upon a default of defendant must conform strictly to the complaint. Code, sec. 233, p. 81; id. sec. 236, p. 82; *Gage* v. *Rogers*, 20 Cal. 91–2; *Lattimer* v. *Ryan*, id. 628; *Lamping* v. *Hyatt*, 27 Cal. 102; *Gautier* v. *English*, 29 Cal. 168; *Bond* v. *Pacheco*, 30 Cal. 535.

The appeal is from the judgment and the whole thereof; therefore these questions are properly raised. *Lamping* v. *Hyatt, supra.*

II. A simple allegation of ownership of land, without apprising defendant of the character of that ownership, is insufficient.

III. This being an action in the nature of ejectment, the complaint is insufficient unless it alleges:

1st. Prior possession by the plaintiffs. *Brown* v. *Brackett*, 45 Cal. 173; *Coryell* v. *Cain*, 16 Cal. 567.

2d. And ouster by the defendants. Id.

3d. That the defendants were in possession at the time the suit was commenced. *Pope* v. *Dalton*, 31 Cal. 219; *Owen* v. *Fowler*, 24 Cal. 194; *Stark* v. *Barret*, 15 Cal. 362; *Budd* v. *Bingham*, 18 Barb. 496; *Brown* v. *Brackett, supra.*

None of these allegations appear in the complaint. The demurrer should have been sustained.

*Robinson & Stapleton,* for respondents.

The only thing for the consideration of the court is the sufficiency of plaintiffs' complaint on demurrer; that is, Did the court err in overruling defendant's demurrer?

This presents the question as to the sufficiency of the description of the premises. We submit that its designation as "known as the Clark Hall house," with the other description, is sufficient to answer the requirements of the case. Tyler on Ejectment, 393 *et seq.; Yount* v. *Howell,* 14 Cal. 466; *Whitney* v. *Bruckman,* 19 Cal. 300.

The California statutes, under which these decisions were rendered, says, "shall be described by metes and bounds," and this is only directory. Our statute says, section 100, "so they may be identified," etc. *Carpenter* v. *Grant,* 21 Cal. 140; *People* v. *Leet,* 23 Cal. 162; *Castro* v. *Gill,* 5 Cal. 42.

WADE, C. J. This is an action in the nature of ejectment to recover the possession of a certain house and lot, situate in the county of Silver Bow, and described as follows: "That certain house and lot of ground on which it stands, situate and being in the town of Walkerville, in county of Silver Bow, Montana territory, and about one-eighth of a mile westerly from the hotel and boarding-house of Rolla Butcher, and called the Rainbow Hotel, and about four hundred yards southerly from the Alice Gold and Silver Mining Company's Mill, said house being known as the Clark Hall house, and being the house where Clark Hall and wife formerly resided."

The defendant demurred to the complaint because of the insufficiency of the description of the property, which was overruled, and thereafter the defendant made default, and the plaintiffs, upon a hearing and proof, recovered a judgment in their favor for the following described property: "That certain house and the lot on which it stands, situated and being in the town of Walk-

erville, in said county of Silver Bow, Montana territory, and about one-eighth of a mile easterly from the hotel and boarding-house of Rolla Butcher, and called the Rainbow Hotel, and about four hundred yards southerly from the Alice mill, said house being known as the Clark Hall house, and being the house where Clark Hall and his wife formerly lived and resided, and being situate in the lot of ground lying east of and adjoining lots numbered thirty (30 and 31), thirty-one, in block No. four of the town of Walkerville, Silver Bow county, Montana territory, and being sixty feet wide and one hundred feet long."

1. The demurrer was properly overruled. It does not appear from the complaint that the description failed to identify the property. The demurrer only reaches such defects as appear on the face of the complaint. Subsequent defects or uncertainties brought to light by the evidence, or in any other manner, do not properly arise on demurrer.

2. Does the complaint support the judgment? The complaint must support the judgment, and the question whether it does or not can be raised in the supreme court for the first time.

The complaint describes a house and lot one-eighth of a mile *westerly* from the Rainbow Hotel and four hundred yards southerly from the Alice Mill, known as the Clark Hall house, being the house where Clark Hall and wife formerly resided. The judgment describes a house and lot one-eighth of a mile *easterly* from the Rainbow Hotel,— one-half of a mile at least from the property described in the complaint. If the same property was intended, there must be a mistake either in the description contained in the complaint, or in that contained in the judgment. If by the words "the Clark Hall house" it could be understood that the house was a public house, or that it was so generally and publicly known, they might sufficiently identify the property and cure the uncertainty;

but these words are qualified, and their force, as words of description, is pretty much destroyed by the words that follow: "being the house where Clark Hall and wife formerly resided." The fair inference is that this was a private house; and how long Hall resided therein, whether for a month, or a year or series of years, or how many other houses in the same neighborhood he and his wife might have occupied, does not appear. It is too much to ask the court to say that the property described in the complaint is identical with that described in the judgment. For all that we know, two separate and distinct pieces or parcels of property are described, which seem to be separated by the space of one-half mile.

If Clark Hall ever resided with his wife in two houses in that neighborhood, this conclusion would be almost inevitable.

The complaint demands possession of a certain "house and lot of ground on which it stands." It is uncertain whether this description would include any more ground than that covered by the house. But in the judgment the ground is expanded into a lot sixty feet wide by one hundred feet long.

This complaint and judgment ought to be made to correspond. They ought to be made to support each other.

To affirm a judgment not supported by the complaint is simply to breed another law-suit to do away with the effect of this one.

The judgment is therefore reversed, and the cause remanded for a new trial.

*Judgment reversed.*