# Sikes *v.* Shows.

*Statutory Real Action in nature of Ejectment.*

1. *Description in deed of premises conveyed.*—When a conveyance of lands contain both a general and a particular description of the premises, and the two are repugnant to each other, the particular description will control, and the other will be rejected as false.

2. *Same; parol evidence identifying premises sold.*—When the premises conveyed are described in the deed as "Lot No. 2, of Square No. 8, in the town of R., being *twenty* feet in front, and running back one hundred and ten feet," and it is shown that the lot is in fact *thirty* feet front, parol evidence is admissible to show that the part sold and intended to be conveyed, and of which possession was delivered to the grantee, was the twenty feet front on the east side of the lot.

[Sykes v. Shows.]

3. *Acknowledgment of conveyance, without attestation.*—The acknowl-
edgment of a deed dispenses with the necessity of attestation (Code,
§ 2146), even when the grantor makes his signature by mark only.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Warren T. Shows, against Thomas
A. Sikes, to recover the possession of a parcel of land which
was described in the complaint as "Lot No. 2, of Square No. 8,
in the town of Rutledge, in said county and State," with dam-
ages for its detention.　The defendant entered a disclaimer "as
to the *twenty* feet front on the east side of said lot, running
back one hundred and ten feet," and pleaded not guilty "as to
the *ten* feet front on the west side of said lot;" and issue was
joined on this plea.　The plaintiff claimed the premises under
two deeds executed to him by the defendant (and his wife),
dated respectively on the 20th February, and 30th May, 1879,
each conveying a half interest "in the following lot, or parcel
of land, lying and being situated in the town of Rutledge, in
said county and State, to-wit: Lot No. two (2), of Square No.
eight (8), being twenty (20) feet in front, and running back one
hundred and ten (110) feet."　There was no attesting witness to
either of these deeds, and each was signed by Mrs. Sikes, the
defendant's wife, by mark only; but to each was affixed a cer-
tificate of acknowledgment before a justice of the peace, in
the form prescribed by the statute.　When these deeds were
offered in evidence on the trial, the defendant objected to the
admission of each, "1st, because there was no attesting witness
to the signature or mark of Mrs. L. E. Sikes; 2d, because said
deed was not relevant to the issue before the jury; and, 3d,
because the same was illegal evidence as to the ten feet on the
west side of said lot."　The court overruled these objections,
and admitted the deeds as evidence; and the defendant duly
excepted.　The plaintiff, testifying as a witness for himself
"as to the dimensions of said lot No. 2, stated that said lot was
thirty feet front, by one hundred and ten feet in depth."　The
defendant objected to the admission of this evidence, because
it varied and contradicted the recitals of the deed; and he ex-
cepted to the overruling of his objections.　"The plaintiff
further testified, that under said deeds he was placed in posses-
sion of twenty feet front on the east side of said lot, running
back one hundred and ten feet, and of the grocery-house
thereon; that he never was in the actual possession of the ten
feet on the west side of said lot, which was covered by a part
of the defendant's stable, and of which said defendant and his
tenants had been in the actual possession ever since the making
of said deeds, and long before.　It was in proof, also, that said
lot No. 2 was in fact thirty feet front.　The defendant was

[Sykes v. Shows.]

then put on the stand as a witness for himself, and testified that, before the execution of said deeds, plaintiff proposed to buy the grocery-house situated on the east side of said lot No. 2, and he (defendant) agreed to sell it to him, but that he would not sell more than twenty feet front, which was about the ground covered by the front of the grocery; that he and the plaintiff went to a stake at the south-east corner of the lot, and stepped in front of the grocery-house twenty feet, or about that distance, to an alley between the grocery and the livery-stable, and, pointing down the alley, stated that the lot would run about to a plank fence; and that he (defendant), plaintiff not being present, then went over to F. M. Cody, and had the deed written out, signed the same, and afterwards delivered it to the plaintiff." The court excluded this testimony of the defendant, on motion of the plaintiff, and the defendant excepted. This being all the evidence, except as to the value of the rents, the court charged the jury, that they must find for the plaintiff, if they believed the evidence; and refused a general charge in favor of the defendant, as requested in writing by him; to which charge and refusal, each, the defendant duly excepted.

The several rulings of the court on the evidence, as above stated, the charge given, and the refusal of the charge asked, are now assigned as error.

JOHN GAMBLE, for appellant.—The court certainly erred, either in admitting the evidence adduced by the plaintiff, or in rejecting the evidence offered by the defendant to identify the lot sold and conveyed. That the rejected evidence ought to have been admitted, see *Abbott v. Abbott*, 53 Maine, 356; *Johnston v. McDonnell*, 37 Texas, 595; *Dunn v. English*, 23 N. J. Law, 126; *Allen v. Holton*, 20 Pick. 463; *Rutherford v. Tracy*, 48 Mo. 325. But the deeds show on their face that only twenty feet front was conveyed.—*Minge v. Smith*, 1 Ala. 415; *Terrell v. Kirksey*, 14 Ala. 209; *Winston v. Browning*, 61 Ala. 80; 1 Bibb, 379; 2 Bibb, 270; 2 Greenl. Cruise, 335, note.

GARDNER & WILEY, contra, cited *Mason v. Pearson*, 2 Johns. 41; *Jackson v. Clark*, 7 Johns. 217; 2 Greenl. Cruise, 334-5, note 1.

SOMERVILLE, J.—The present action is one of ejectment, under the statute, the land claimed being described in the complaint as "Lot No. 2, of square No. 8, in the town of Rutledge," in the county of Crenshaw, and the State of Alabama. The deeds of conveyance introduced in support of the plaintiff's

title, and shown to have been executed to him by the defendant in the early part of the year 1879, contain *the same general description* of the lot sued for, with the *additional* designation, "*being twenty feet in front, and running one hundred and ten feet back.*"

It is obvious that, upon the face of the deed, there is no ambiguity, or repugnancy of description. The dimensions of the entire lot appear to be only a rectangular area, of *twenty feet* by *one hundred and ten feet.* There is an ambiguity, however, or rather a repugnancy, which is made to appear by parol evidence introduced upon the trial, in aid of the true identification of the land. This evidence shows, without conflict, that lot number 2, as described in the complaint, is *thirty feet* in front, instead of *twenty* feet as stated in the deed, and runs back one hundred and ten feet as described; that the quantity or area intended to be sold, as shown by the actual measurement of the parties, was only *twenty feet* front on the *east* side; and that the plaintiff was placed in actual possession of this parcel, and had so continued for about four years prior to commencing the present action. The defendant's stable covered in part the *ten feet* front on the *west* side of the lot, running back its full depth, and defendant had remained in actual possession of this parcel since the day of sale, claiming ownership of it as he had for a long time before. It was objected at the trial, and is here insisted, that this parol evidence was inadmissible to explain the ambiguity disclosed; and that the area of the entire lot, which was *thirty* feet front, could not be shown to be limited or controlled by the latter clause of description, stated in the deed to be *twenty* feet.

We are of opinion that the court erred in excluding this evidence. The designation of the lot in controversy as "lot number 2" was a *general designation,* sufficiently certain only on the principle, that it could be rendered certain by parol identification. Without more, it could not be known what were the real dimensions of the lot. The designation by metes or distances was a *particular* description. The rule is, that where a general and a particular description are both used in the same deed, in reference to the same land, and they both can not stand together, because of repugnancy, the particular description will control, and the general one be rejected as *falsa demonstratio.*—Sedg. & Wait's Trial Land Titles, § 458; *Inge v. Garrett,* 38 Ind. 96; 1 Greenl. Ev. (Redf. Ed.), § 301, note 2.

It is true, that the particular written description does not show whether the twenty feet front of lot number two, which was sold to plaintiff by defendant, was on the *east* or *west* side of the lot. But this ambiguity was relieved by the parol proof that the plaintiff was placed in possession of the twenty feet

[Wolffe v. Minnis.]

on the *east* side, and has ever since occupied and claimed it under the deed. Where descriptions in deeds are ambiguous, or doubtful, and even void on their face for uncertainty, the courts often admit, in aid of the identification of the subject-matter, proof of the situation of the parties, and the circumstances surrounding them. This embraces the facts of ownership, possession, change of occupancy, and other circumstances showing the relation of the contracting parties to each other, and to the property at the time the negotiations transpired and the writing was executed. The intention of the parties is thus elicited, by showing the practical construction which they themselves placed upon their own contract.—*Chambers v. Ringstaff*, 69 Ala. 140; *Ellis v. Burden*, 1 Ala. 458; *Mead v. Parker* (115 Mass. 413), 15 Amer. Rep. 110; *Harley v. Brown*, 98 Mass. 545; 1 Greenl. Ev. (Red. Ed.), § 301, note 2.

The deed was properly admitted in evidence; the acknowledgment before the circuit clerk, as shown by his certificate, dispensed with the necessity of attesting witnesses, although one of the grantors could not write, and made her signature by *mark* only.— *Weil v. Pope*, 53 Ala. 585; Code, 1876, § 2146.

For the error of the court in giving the general charge requested by the plaintiff, and in refusing to give the charge requested by defendant, as well as the exclusion of the parol evidence offered by defendant, the judgment must be reversed, and the cause remanded.