HAGGIN, APPELLANT, v. LORENZ, RESPONDENT.

[Submitted February 6, 1895. Decided February 11, 1895.]

EJECTMENT—*Description of land in complaint.*—In a complaint in ejectment the particular description of the land by courses and distances must control the general description in the same complaint when the two are in conflict. (*Goodrich Lumber Co.* v. *Davie*, 13 Mont. 76; *Largey* v. *Sedman*, 3 Mont. 357, cited.)

SAME—*Amendment of record.*—After judgment by default in ejectment, the complaint wherein failed to describe any land in the possession of the defendant, the plaintiff cannot have the complaint and judgment and writ of restitution amended by inserting a description of another piece of land, and still hold his default against the defendant. (*Schuttler* v. *King*, 12 Mont. 149; *Barber* v. *Briscoe*, 8 Mont. 214; *Foster* v. *Wilson*, 5 Mont. 53, cited.)

*Appeal from Third Judicial District, Deer Lodge County.*

EJECTMENT. Judgment by default for the plaintiff. The defendant's motion to recall the writ of restitution was granted by WOODY, J. Affirmed.

Statement of the case by the justice delivering the opinion:

This is another appeal in the same case as that reported under the above title in 13 Montana, 406. On the former appeal we refused to reverse the order of the district court denying a motion to set aside the default of the defendant and the consequent judgment in favor of plaintiff. For a statement of the case up to the time of the remittitur on that appeal, see the above report.

Upon that remittitur being filed in the district court, a writ of restitution was issued, and defendant was thereby dispossessed of certain premises. It was then discovered that the complaint and judgment and writ did not describe the premises which defendant had been possessed of, and from which the sheriff had by the writ ejected him. Plaintiff then moved for leave to amend his complaint and judgment and writ, and defendant moved that the said writ of restitution be recalled, and that he be put back into the possession of the premises from which he had been ejected under the writ. The plaintiff's motion was denied, and the defendant's motion was granted. From these orders the plaintiff appeals.

The complaint sets up at length facts by reason of which it is alleged that the Northern Pacific Railroad Company became the owner of section 25, township 5 north, range 12 west. The complaint then alleges the sale and conveyance of said section 25 by said railroad company to the plaintiff. Then the following allegation is made in the complaint:

"XI. But plaintiff says that, now, so it is, the above-named defendant on or about the 1st day of September, A. D. 1888, wrongfully and unlawfully, and without the consent of this plaintiff, entered into and upon that portion of said southwest quarter of section numbered twenty-five (25), more particularly described as follows, to wit: Situate in Deer Lodge county, state of Montana, beginning at a point from which a certain notification stake set up on said premises bears south 62 degrees west, distant four hundred (400) feet (said notification stake is located N. 30 degrees 55 minutes W. from the quarter section corner, between sections twenty-five (25) and twenty-six (26) in the township and range aforesaid, and is fourteen hundred and twenty-four (1,424) feet distant therefrom) thence N. 28

degrees E. 700 feet; thence S. sixty-two degrees E. 800 feet; thence S. 28 degrees W. 1,700 feet; thence N. 62 degrees W. 800 feet; thence N. 28 degrees E. 1,000 feet to the place of beginning, and ousted this plaintiff therefrom."

It is observed that the complaint first states that the land demanded is a portion of the southwest quarter of said section 25, but the description which follows by metes and bounds or courses and distances, instead of locating the demanded piece of ground in section 25, in fact locates it in section 26. This happens by reason of the bearing of the notification stake being given as from the quarter section corner between sections 25 and 26, whereas, if it had been given as the quarter section corner between sections 25 and 36, the alleged demanded premises would have been in section 25. The complaint, judgment, and writ of restitution were all alike as to the description. The fact developed on the motion that the defendant was not in possession of any portion of section 26, but was in possession of a portion of section 25, and that the sheriff had disposessed him from section 25. Then the motions by both plaintiff and defendant were made, as above described.

*G. B. Winston, Wm. Seallon,* and *W. W. Dixon,* for Appellant.

It was error for the court to refuse to correct the mistake in the amended complaint and judgment and writ of restitution. There was sufficient in the record to show the mistake and to amend by, and such amendment could be allowed at any time. (*Comanche Min. Co.* v. *Rumley,* 1 Mont. 201; *Leviston* v. *Swan,* 33 Cal. 480; *Beatty* v. *Dixon,* 36 Cal. 619; *Bushnell* v. *Crooke etc. Smelting Co.,* 21 Pac. Rep. 931; Broom's Legal Maxims, 635–43; *Bramlet* v. *Pickett,* 2 A. K. Marsh. 10; 12 Am. Dec. 350; *Hubbell* v. *Forgartie,* 1 Hill, 167; 26 Am. Dec. 163.) Even if there was not in the record sufficient to amend by, the amendment could and should have been allowed by the court upon any satisfactory evidence showing the mistake, as by petition, motion, or affidavits, aside from what appeared in the record and in addition thereto. The affidavits in this case plainly showed the mistake, and it was not denied by the respondent. (See Code Civ. Proc., §§ 116, 119; Freeman on Judgments, § 72; *Keene* v. *Welsh,* 8 Mont. 305; *Barber* v.

*Briscoe,* 9 Mont. 341; *Matheson* v. *Grant,* 2 How. 279; *Roussett* v. *Boyle,* 45 Cal. 64; *Doane* v. *Glenn,* 1 Col. 465; *Rew* v. *Barker,* 2 Cow. 408; 14 Am. Dec. 513; *Kennedy* v. *Knight,* 21 Wis. 340; 94 Am. Dec. 543.) The weight of authority is that an amendment to a judgment may be based on any satisfactory evidence. (12 Am. & Eng. Ency. of Law, 123.)

*Edward Scharnikow,* for Respondent.

If a writ of possession be improperly issued or executed the court granting it can, on summary motion, set aside the verdict and restore the possession. (Sedgwick and Wait's Trial of Title to Land, § 575; Freeman on Executions, § 476; *Skinner* v. *Beatty,* 16 Cal. 157; *Mayo* v. *Sprout,* 45 Cal. 99.) The words of particular description will always control the more general terms of description, and this rule should be applied to a pleading. (Sedgwick and Wait's Trial of Title to Land, § 458.) It is a dangerous precedent to allow any material amendment of the complaint where a default has been made. (*Schuttler* v. *King,* 12 Mont. 159; *Barber* v. *Briscoe,* 8 Mont. 219.) After a default no amendment of the complaint can be made without serving on the defendant who had defaulted, so as to give him an opportunity to defend to the complaint. (*Reinhart* v. *Lugo,* 86 Cal. 399; *Thompson* v. *Johnson,* 60 Cal. 294.) After final judgment, an amendment to the complaint cannot be allowed. (*Kirby* v. *Superior Court,* 68 Cal. 606.)

DE WITT, J.—The facts set out in the statement preceding this opinion all appeared upon the hearing of the motions by the district court. It may also be conceded that it fully appeared that all parties to the litigation understood that the same was in reference to the ground actually occupied by the defendant in said section 25; also that it was first discovered that the complaint and judgment described ground in section 26 after the writ of restitution had been issued. But we are of opinion that we cannot decide this appeal upon what the parties understood was the description of the premises in the complaint. We think that we should examine that description as it is.

The plaintiff contends that the complaint fairly shows that the ground described and sought to be recovered was in fact in section 25. This we cannot concede. The parcel is described in the first place as a portion of the southwest quarter of section 25, but the description at once goes on to say, "more particularly described as follows to wit": and then comes a surveyor's accurate and technical description by courses in minutes and seconds, and by distances in feet. This description places the ground wholly and clearly out of section 25, and as wholly and clearly in section 26. Such particular description as the latter must control the general description which precedes it. (*Goodrich Lumber Co.* v. *Davie*, 13 Mont. 76; *Largey* v. *Sedman*, 3 Mont. 357.

Then we have this situation: the complaint and judgment and writ describe one piece of land, and the plaintiff, after the default of the defendant, wishes to amend these records by inserting a description of another piece of land. This is certainly a material amendment. We think that we need not stop to fortify this statement by argument or by authorities. The plaintiff wishes to make this material amendment and still hold his default against the defendant. When the defendant got into default plaintiff was asking possession of a piece of ground in section 26. Now, by seeking to amend, plaintiff wants a piece of ground in section 25, and this without an opportunity for defendant to answer. Defendant had no occasion to defend against plaintiff's demands for the land in section 26, for defendant did not occupy or claim any land in section 26. But, when plaintiff wishes to change his pleading and judgment to cover land in section 25, then the defendant is materially affected as to a right upon which he has never had an opportunity to be heard, and as to which he has never defaulted. We base this line of reasoning, of course, upon our decision at the commencement of this opinion, that the particular description controls the general in the complaint. Such a material change as this cannot be made after default. This court said in *Schuttler* v. *King* (a portion of the decision in which the whole court agreed) as follows: "It is proper to note, also, that we think it a dangerous precedent to allow any material amendment of the complaint where default is made,

and enter judgment without further service, according to such amendment. (Code Civ. Proc., §§ 241, 245." See, also, *Barbour* v. *Briscoe*, 8 Mont. 214; *Foster* v. *Wilson*, 5 Mont. 53.)

We are of opinion that to allow such an amendment, as was proposed to be made in this case, would be wholly wrong. It would open the way to allowing a plaintiff to bring a defendant into court to answer one cause of action, and, if he got the defendant into a default, then to prove a wholly different cause of action against him. It is true, perhaps, that the matter of description in this case was a clerical error, but it was a substantial and material one. It went to the very anchorage of the whole description. It was quite as apparent in *Foster* v. *Wilson*, *supra*, that the error was a clerical one; yet in that case the court would not allow a judgment by default in ejectment to stand, which gave to the plaintiff premises "easterly" from a certain point, when in his complaint he had demanded premises "westerly" from said point.

We have not the slightest hesitation in affirming that the district court was wholly right in denying the application to amend the complaint, the judgment and the writ of restitution, and in recalling the writ of restitution.

It did not appear anywhere in the case that the plaintiff requested to make his amendments upon allowing the defendant to come in and answer thereto. The orders of the district court are affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.

