FRED W. ELWELL *vs.* CHAUNCEY B. BORLAND.

FRED W. ELWELL *vs.* MARY LORD SEXTON.

Knox.     Opinion, April 28, 1932.

*Edward K. Gould,* for plaintiff.
*Alan L. Bird,* for defendant Borland.
*Z. M. Dwinal,* for defendant Sexton.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

STURGIS, J.   At the trial of these real actions to recover posses-
sion of a parcel of land situated in Camden, Maine, the presiding
Justice, on motion, directed the jury to return verdicts for the de-
fendants. The case comes up on exceptions.

As early as December 27, 1883, one Franklin L. Start and his
wife, Annie S. Start, in her own right, had acquired and owned in
common what was then known as the George Start farm, which lay
just south of Megunticook Lake, formerly called Canaan Pond.
In 1884 and the years following, they sold numerous lots along or
near the shore to various persons and associations, reserving rights
of way and street locations as necessary and convenient for the
lot owners. They kept the rest of the farm until Franklin L. Start
died and the widow, by purchase of his interest from the adminis-
tratrix, became sole owner. The land with the buildings thereon,
which the Starts retained, came to be known in later years as the
Frank Start farm.

One of the shore lots was sold September 29, 1887, to George H.
Cleveland and George H. Hill and two years later, on October 23,
1889, Cleveland bought the next lot to the east. The defendants, as
successors in title to the original grantees, contend that these two
lots were contiguous, the east boundary of the one being identical
with the west boundary of the other. The demandant insists that a
triangular piece of land somewhat more than eleven hundred feet
long and approximately one hundred and thirty feet wide near the
shore lay between these lots, in no way a part of them but retained

by the Starts as a means of access to the shore of the pond. He here seeks to oust the defendants, who occupy and claim to own the triangle subject to existing rights of way.

For title, the demandant relies on a deed given April 1, 1914, by Annie S. Start, which contains the following description:

"A certain lot or parcel of land together with all buildings on same near Lake City, in Camden, Maine, bounded on the north by lands of J. V. Bacot, T. A. Hunt and G. H. Cleveland; on the east by land of the Barrett heirs; on the south by lands of Ordway and Morse, and on the west by land of D. F. Hopkins, excepting a lot on the south west corner of above described land which has been sold to W. F. Start; meaning to convey all I now own of what is known as the Frank Start farm."

The demandant admits, as do all parties of record, that the property particularly described in this deed does not include any of the disputed triangle but, subject to the lot expressly excepted, is that part of the original George Start farm which lies back of it and was retained by Franklin L. and Annie S. Start. His contention is that the triangle was also retained by the Starts as a part of the farm and passed to him under the general descriptive clause in his deed.

Assuming without deciding, which is unnecessary in these cases, that Annie S. Start owned the land in dispute, we are not of opinion that she conveyed it to the demandant. A particular specific and definite grant by metes and bounds can not be enlarged or diminished by a later general description such as is found here. *Sinford* v. *Watts,* 123 Me., 230, 234; *Perry* v. *Buswell,* 113 Me., 399; *Smith* v. *Sweat,* 90 Me., 528, 533; *Brown* v. *Heard,* 85 Me., 294; *Brunswick Sav. Inst.* v. *Crossman,* 76 Me., 577. Nor is parol evidence, even if admitted without objection, competent to vary the terms of the instrument. *Goddard* v. *Cutts et al,* 11 Me., 440.

The burden was upon the demandant to show that he had legal title to the demanded premises at the date of his writ. Failing in this, he can not have judgment, even though the defendants show

no title in themselves. *Spencer* v. *Bouchard,* 123 Me., 15 ; *Wyman* v. *Porter,* 108 Me., 110 ; *Powers* v. *Hambleton,* 106 Me., 217.

It was the duty of the presiding Justice to direct verdicts for the defendants. His ruling must be sustained and the entry in each case is,

*Exceptions overruled.*