### RINGSTAD v. GRANNIS et al.
### No. 11283.

Circuit Court of Appeals, Ninth Circuit.
Jan. 31, 1947.

Bailey E. Bell, of Fairbanks, Alaska, for appellant.

Julien A. Hurley, of Fairbanks, Alaska, for appellees.

Before DENMAN, HEALY, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

The complaint in this case is in ejectment. The issue was joined, the case proceeded to trial and at the close of the plaintiff's case the court entered a judgment of nonsuit. Plaintiff appeals.

The complaint alleged that plaintiff "and her predecessor have been in the peaceable, adverse, open, notorious possession of the * * * property [described below] under color of title for more than thirty (30) years last past." It also alleged defendants' trespass in entering the property and tearing down a fence thereon and forcibly restraining possession thereof. The complaint also alleged that plaintiff was the owner of the fee simple title of the prop-

erty in question, an allegation which is unnecessary to consider in view of the answer filed.

The answer denied the allegations of the complaint but alleged no title in the defendants. The Alaska statute provides "The defendant shall not be allowed to give in evidence any estate in himself, or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer * * *" § 3764, Compiled Laws of Alaska 1933. Continuous prior possession is a sufficient estate to warrant a suit in ejectment against a mere intruder.[1] Campbell v. Silver Bow Basin Mining Co., 9 Cir., 1892, 49 F. 47; Wilson v. Fine, D.C., 38 F. 789, 792.

Hence the only question before the district court was whether the plaintiff had a continuous possession of the property prior to the claimed trespass of the defendants.

The real estate claimed was described in the complaint as follows:

"* * * the following described *real estate,* to-wit:

"Lot three (3) in block Ninety-five (95), Townsite of Fairbanks, Territory of Alaska, which *property* is described as follows:

"Commencing at a point on the south line of Seventh Avenue 73.8 feet Westerly from the Northeast corner of said Block ninety-five (95), thence in a Southerly direction to a point on Eighth Avenue 56 feet Westerly from the Southeast corner of said block ninety-five (95), thence in a westerly direction along the North side of Eighth Avenue, a distance of 22.9 feet to a point on the North side of Eighth Avenue, thence in a Northerly direction to a point on Seventh Avenue 103 feet, Westerly from the Northeast corner of said Block Ninety-five (95) thence easterly along the South side of Seventh Avenue to the point of beginning, a distance of 24.7 feet." (Emphasis supplied.)

The particular description by metes and bounds of the "property," being the "real estate" previously mentioned, controls over the general reference to a lot and block which is not described as in any survey or on any map. Inge v. Garrett, 38 Ind. 96, 98, 100; Cushing v. Conness, 4 Neb.Unof. 669, 95 N.W. 855, 857; Haggin v. Lorenz, 15 Mont. 309, 39 P. 285, 286; Cf. Elwell v. Borland, 131 Me. 189, 160 A. 27, 28; Carter's Adm'r v. Quillen, 239 Ky. 583, 39 S.W.2d 1012, 1013; Hatcher v. Virginia Mining Co., 214 Ky. 193, 282 S.W. 1102, 1103.

Plaintiff offered evidence tending to show her long continued possession of and her eviction by the defendants from the property described, but the district court declined to admit it over the objection that it was "incompetent, irrelevant, and immaterial, no foundation laid, and not within the issues of the case." After several attempts to introduce the evidence had failed, counsel for plaintiff asked the court to state the reason for its denials, remarking that it would be of assistance both to his litigant and to the appellate court. The district court refused to comply after several refusals to admit evidence

---

[1] The pertinent sections of the Alaska law are, Compiled Laws of Alaska 1933: "§ 3761. Who may bring such action and against whom. Any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action. Such action shall be commenced against the person in the actual possession of the property at the time, or, if the property be not in the actual possession of anyone, then against the person acting as the owner thereof."

"§ 3763. What to be pleaded in complaint. The plaintiff in his complaint shall set forth the nature of his estate in the property, whether it be in fee, for life, or for a term of years, and for whose life, or the duration of such term, and that he is entitled to the possession thereof, and that the defendant wrongfully withholds the same from him to his damage in such sum as may be therein claimed. The property shall be described with such certainty as to enable the possession thereof to be delivered if a recovery be had."

The same provisions were sections 313 and 315 of the Oregon Act of Oct. 11, 1862, providing a Code of Civil Procedure, when in 1884 Congress enacted that the laws of Alaska in such civil suits were the laws of that state. Act May 17, 1884, § 7, 23 Stat. 25.

 

we regard within the issues, with the unfortunate statement in the following colloquy:

"Mr. Bell: You will not state why you are taking the position you are in this case?

"The Court: I have stated every time I have ruled. Exception allowed plaintiff.

"Mr. Bell: You know it is my theory, judge, that a trial of a lawsuit is not a game; that it is just a promotion of justice between the parties; and, if there is some technicality that counsel has overlooked, it would be at least in promotion of justice for the court to tell me if I have overlooked something so that the case can be determined correctly.

"The Court: I don't think it is the duty of the court to conduct a law school.

"Mr. Bell: That is what your position is? I hope that is in the record. Exception allowed plaintiff."

Another denial was with the equally unfortunate statement,

"Mr. Bell: Would the court please state what part—on what theory he sustains the objection, on what theory; that there is no foundation laid?

"The Court: You are supposed to be an attorney-at-law and know and understand this.

"Mr. Bell: Yes, but there is a Circuit Court of Appeals that might want to know.

"The Court: That is very nice. I hope they do."

We agree with counsel's statement that this court wants to know the ground of these rulings in such an action in ejectment. We are unable to determine it from the record. We may guess that it was because it was thought that in Alaska possession is not a legal estate which could be the foundation to be laid in an ejectment suit.

We also agree with appellant that "a lawsuit is not a game" between opposing counsel. Cf. Escher v. Harrison Securities Co., 9 Cir., 79 F.2d 777, 780, 781. It is a proceeding in which the court seeks to do justice between opposing *litigants*. It is the litigant who is to be assisted in the search for justice by a clear understanding of the ground for the court's rulings where the litigant's attorney requests it.

We think it error to have denied the introduction of the proffered evidence. The judgment is

Reversed.