Mario Pittoni, J.
The plaintiff moves to set aside a verdict on three grounds, (1) errors in rulings on admissibility of evidence, (2) errors in the charge to the jury and on requests to charge, and (3) “ the plaintiff did not have a fair trial by reason of the obstructive tactics and conduct of defendant’s counsel and the atmosphere of prejudice — he created during the trial ’ ’.
The plaintiff contends that the court erred in excluding paragraph 5 of Exhibit 7. That paragraph was not an explanation of paragraph 2 which had been offered on the theory of admission by the defendant, and was only a self-serving explanation for a late filing of the document. Anyway, the contention of the plaintiff was that the document, Exhibit 7, was executed not on October 5, the date stated thereon, but on Friday, October 2, two days after the accident. Paragraph 5 was by its language meant to explain a late filing. Furthermore, the plaintiff and others on his behalf gave full and exhaustive testimony as to his condition on October 2 when the document was allegedly signed. Therefore, the court committed no error.
The plaintiff also contends that the court should have permitted him to ask witness G-emignani whether he told the policeman who came later to the scene of the accident whether he saw the bar up or down. The plaintiff claims that such a question should have been permitted on the issue of credibility. However, when pressed, the plaintiff said that this was not to impeach the witness’ credibility by showing self-contradictory statements, but on the principle that a citizen is legally obligated *781 to volunteer information to an officer investigating an accident. No authorities have been offered to sustain this position. Be that as it may, the plaintiff was permitted to inquire, explore, and even comment on the issue whether the witness had told any one at all that the bar was up soon after the accident. Therefore, the court committed no error.
However, the court was requested and did charge that no liability could be imposed upon the defendant because of any negligent act or omission of Harvey Cohen, the sanitary engineer retained by the defendant. The court was in error in this respect. The court should have left to the jury the issue as to whether or not Harvey Cohen was acting on behalf of the defendant.
The court too, upon request, charged the jury that the defendant could be found negligent only if the defendant or its agents knew that the bar was missing; or that it was down long enough for the defendant or its agents in the exercise of reasonable care to have learned of its absence and to have had opportunity to replace it. Under the circumstances of this case this charge was erroneous in that it overlooked the evidence which showed that the defendant or its agents were in complete control of the warehouse.
The actions of the defendant’s counsel will also be considered. He made many unnecessary repeated and unwarranted objections. He bitterly fought rulings by the court and insisted on arguing matters that had been ruled upon, even in some instances when the court had ruled in his favor. He made many unwarranted motions to strike out the answers of laymen witnesses inexperienced in the courtroom when the answers were not as exactly responsive as demanded by defendant’s counsel. He made motions for a mistrial, in the presence of the jury, with unwarranted attacks upon the court’s integrity and fairness, and with statements that his client could not get a fair trial. Then too, the defendant’s attorney from time to time adopted the practice of showing his witness a photograph of the warehouse with the bar in place on the second floor, asking him to look at it, and then asking him to testify from memory as to the position of that bar at the time of the accident in 1953. This was not a matter of refreshing recollection after recollection was exhausted, but of suggesting the answer even before the question was asked. It is the most offensive or damaging type of leading a witness. This was particularly effective in this ease where the main issue was whether the bar was in place or not.
*782 Also, during the summation by the plaintiff’s attorney there were approximately 10 interruptions by objections, some warranted, but most unwarranted, with long and bitter discussions. This made a shambles of the plaintiff’s summation; and whatever persuasive influence the plaintiff’s argument may have had upon the jury was lost in a fireworks of objections, heated arguments and rulings by the court.
In the conduct of a trial where an attorney’s aim is directed primarily towards an appeal and only incidentally to the immediate objective, i.e., a verdict or decision in the trial court, justice for the litigants is difficult to attain. A lawsuit is not a game between opposing counsel; “ it is a proceeding in which the court seeks to do justice between opposing litigants ”. (Ringstad v. Grannis, 159 F. 2d 289, 291 [C. C. A. 9th].)
The court has considered other points raised by the plaintiff on this motion and has not found them persuasive enough to affect the decision on this motion.
It is unfortunate that the record in this case does not and cannot show the physical conduct of the attorneys during the trial; for example, it cannot show the tone and loudness of voice, the demeanor, the manner and rapidity of speech and facial appearances of each participant. However, the record does show that this was a long, hard, bitterly fought and nerve-racking trial in which the jury could have been improperly influenced by the matters discussed. The interests of justice in a trial of an action are more important than the persona] inconveniences and feelings of the trial attorneys or of the court.
Whether good intentions were involved or not, it is clear to this court that the facts recited as well as others not specifically mentioned prevented a fair trial.
The motion is granted and the verdict is set aside.