**BICKNELL MANUFACTURING COMPANY**

v.

**Kenneth L. BENNETT and Marjorie D. Bennett.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1980.

Decided June 9, 1981.

Samuel W. Collins, Jr., Stephen W. Hanscom, Collins & Crandall, P. A., Rockland, for plaintiff.

Raymond L. Williams, Silsby & Silsby, Ellsworth, for defendants.

Before McKUSICK, C. J., WERNICK, GODFREY and GLASSMAN *, JJ., and DUFRESNE, A. R. J.

WERNICK, Justice.

In this civil action of forcible entry and detainer, brought by plaintiff Bicknell Manufacturing Company against defendants Kenneth and Majorie Bennett, the complaint alleged that defendants' prior "lawful and peaceable possession" as "tenants at will" of a specifically described parcel of property in Union, Knox County had been terminated by service upon them of a Notice to Quit. In their answer to the complaint defendants included a claim of title to the disputed property, and, by reason of 14 M.R.S.A. §§ 6006 and 6007 and M.Dist. Ct.Civ.R. 80D(c), the case came before the Superior Court. After a bench trial, the Superior Court justice decided that by having asserted a claim of title, defendants had made title the only issue to be decided in the case. Holding that plaintiff rather than defendants had title to the land in question, the justice adjudicated plaintiff "vested with title to the premises" and directed entry in the Superior Court docket of "[J]udgment . . . for [p]laintiff against [d]efendants."

Defendants then took a timely appeal. That appeal we dismissed for lack of an appealable judgment, remanding the case to the Superior Court for appropriate further proceedings. *Bicknell Manufacturing Company v. Bennett*, Me., 417 A.2d 414 (1980). On remand, the parties stipulated that "title to the subject premises was the only matter at issue at trial." The Superior Court found that plaintiff established title to the premises superior to that of defendants. Guided by our discussion in *Bicknell, supra*, of the relationship between the Superior Court and the District Court in actions of forcible entry and detainer, the Superior Court remanded the case to the District Court for that court to make an entry on its docket of a judgment of possession in favor of plaintiffs. Now, defendants have again appealed, raising as the sole issue on appeal the correctness of the Superior Court's determination that title to the property in question was in plaintiff.

We conclude that the Superior Court's determination was erroneous, and we therefore sustain the appeal and, in effect, reverse the Superior Court judgment.

Plaintiff's complaint describes the property at issue, a roughly rectangular piece of land located in Union, Knox County, as:

"That lot located in Union, Knox County, Maine on which the residence and Dairy Joy or ice cream business of the said Kenneth L. and Marjorie Bennett was located on September 6, 1957, and including the buildings in which said Dairy Joy or ice cream business was conducted more fully described as a certain parcel beginning at an angle iron on the westerly side of the so-called Wotton's Mill Road and at the northwest corner of land now or formerly of Tenney as described in deed recorded in the Knox County Registry of Deeds, Book 478, Page 498; thence North 83° West thirteen (13) rods along land now or formerly of Tenney to an iron stake set in a stone wall; thence proceeding North 03°–03'–15" West along said stone wall to a point at the southwest corner of land now or formerly of Bennett more fully described as 'parcel 1' in deed of Geneva Wayland to Kenneth L. Bennett dated May 5, 1948 and recorded in said Registry, Book 295, Page 257 and in deed of William S. Lothrop to Kenneth L. Bennett dated May 12, 1948 and recorded in said Registry, Book 288, Page 88; thence North 62° 51' 46" East twelve (12) rods to a point; thence in a southerly direction to the point of beginning."

On the property thus described there had been a building once used by defendants as a Dairy Joy ice cream stand. This structure was later converted by defendants into a garage and was being so utilized by defendants at the time the instant action was brought.

* Glassman, J., sat at argument and participated in conference but died before the opinion was adopted.

Defendants claim title by adverse possession to the disputed property, which is part of a larger parcel defendants claim to own, also by adverse possession. It is stipulated that defendants' adverse possession ripened before the present action was commenced but after two mortgage deeds, described below, were given. These two mortgage deeds are critical in the case because they are a basic part of plaintiff's claim of title.

Each of these two mortgage deeds contained all the covenants of title usually found in a warranty deed. One of the deeds (hereinafter the "Camden National Bank" deed) was given by Kenneth and Marjorie Bennett to Camden National Bank on September 6, 1957. Camden National Bank recorded Notice of Foreclosure of the mortgage involved on October 1, 1965. Just before the one year period of redemption expired, Camden National Bank assigned to plaintiff the mortgage and the note, together with all rights accrued, accruing and to accrue as a result of the foreclosure proceeding.[1] The Camden National Bank deed described the property conveyed as:

"BEGINNING in the southwesterly line of the road at East Union and at corner of land now or formerly of Mrs. E. G. D. Beverage, thence south, sixty and one-half degrees west, nineteen rods to stake and stones; thence south, twelve degrees east, six rods to stake; thence north, sixty-one degrees east, nineteen rods to stake; thence north, ten degrees west, six rods to place of beginning.

"See deeds of Geneva L. Wayland to Kenneth L. Bennett dated May 5, 1948, recorded in Knox County Registry of Deeds Book 295, Page 257, and William S. Lothrop to Kenneth L. Bennett dated May 12, 1948, recorded in Knox County Registry of Deeds Book 288, Page 88. *Meaning and intending to convey the lot on which the residence and Dairy-Joy or ice cream business of the said Kenneth L. Bennett is located, and including the buildings in which said Dairy-Joy or ice cream business is conducted.*" (emphasis added)

The other mortgage deed (hereinafter the "Bicknell" deed) was given by Kenneth and Marjorie Bennett to plaintiff Bicknell Manufacturing on July 17, 1961. It conveyed several pieces of property to plaintiff, one of which was identified by the metes and bounds description contained in the Camden National Bank mortgage deed,[2] and it also contained a summarizing clause stating:

"Meaning and intending to convey, and hereby conveying, all the real estate the grantors own in the Counties of Knox and Waldo in the State of Maine."

The mortgage effected by this Bicknell deed was subsequently foreclosed.[3]

Plaintiff Company does not claim the disputed property by reason of the specific metes and bounds clauses in the two mortgage deeds; it acknowledges, in agreement with defendants, that the metes and bounds descriptions identify a parcel of land other than (lying north of) the land here in dispute. Plaintiff, rather, relies on the "meaning and intending" clause in each of the mortgage deeds, arguing further that by virtue of the principle of estoppel by deed it acquired title under the "meaning and intending" clauses when defendants' title by adverse possession ripened.

The Superior Court concluded that the description contained in the "meaning and intending" clause of the Camden National

---

1. Neither party has challenged the legality of the foreclosure proceedings or the validity of the assignment.

2. The first paragraph of the Bicknell deed conveyed:
    "a certain lot or parcel of land with the buildings thereon, situate in said Union, bounded and described as follows, to wit: BEGINNING in the Southwesterly line of the road at East Union and at corner of land now or formerly of Mrs. E. G. D. Beverage; thence South 60½ deg. West 19 rods to stake and stones; thence South 12 deg. East 6 rods to stake; thence North 61 deg. East 19 rods to stake; thence North 10 deg. West 6 rods to place of beginning."

3. In their answer, defendants challenged the foreclosure of the Bicknell mortgage on the ground that the notice of foreclosure failed to provide an adequate description of the premises. Our rationale of decision in this case makes it unnecessary for us to address the issue of the legality of the foreclosure.

Bank deed was adequate to convey the land described in plaintiff's complaint. The court reasoned:

"This description [in the "meaning and intending" clause] goes beyond a mere general description. It shows a clear intention to convey real estate wherein is located not only the residence of the Defendant but also the premises wherein is located and conducted his 'Dairy-Joy' or ice cream business. . . . .

"The Court finds it was the intention of the parties on September 6, 1957, to include the premises at issue in this action and that the description in the mortgage deed of that date effectively included said premises."

Then, concluding further that the "meaning and intending" clause in the Bicknell deed was inadequate to convey to plaintiff an interest in the disputed property,[4] the Superior Court, relying on the conveyance effected by the Camden National Bank deed, decided:

"[T]he Defendants are estopped from asserting against Plaintiff the title to the subject premises by adverse possession acquired subsequently to the mortgage [represented by the Camden National Bank deed]."

Thus, the question now before us is whether the Superior Court committed legal error in holding that the Camden National Bank deed was adequate, in combination with the subsequent acquisition by defendants of a title by adverse possession, to give plaintiff title to the land at issue.

Even if we assume, arguendo, and most favorably to plaintiff, that the references in the "meaning and intending" clause of the Camden National Bank deed to the "residence" and to the "Dairy-Joy" business and structure made that clause sufficiently specific to avoid the applicability, here, of the canon of interpretation precluding a general summarizing clause from expanding a metes and bounds description, *Elwell v. Borland and Sexton*, 131 Me. 189, 160 A. 27

(1932), we nevertheless conclude that the clause was legally inadequate to support plaintiff's claim to the land described in its complaint.

The basic deficiency arises from the indefiniteness of the word "lot" in the phrase

"*lot* on which the residence and Dairy-Joy or ice cream business . . . is located." (emphasis added)

As thus used "lot" gives no guidance to establish the boundaries or dimensions of whatever may have been the entirety of the unit of land on which the "residence and Dairy-Joy or ice cream" structures were situated. A variety of land units, each with different boundaries and dimensions, could meet the description thus connoted. Hence, we must conclude that the "meaning and intending" clause in the Camden National Bank deed neither specifically identifies any particular unit of land nor provides sufficient link to the parcel described in plaintiff's complaint.

In addition, even if the Superior Court may have looked beyond the four corners of the deed in an effort to interpret its terms, the evidence is legally inadequate to identify the "lot" referred to in the "meaning and intending" clause as one having the metes and bounds of the parcel described in plaintiff's complaint.

We therefore decide that plaintiff failed to prove its claim of title to the disputed property, as predicated on the "meaning and intending" clause of the mortgage deed from Kenneth and Marjorie Bennett to Camden National Bank.

The entry shall be:

Appeal sustained; the judgment of the Superior Court is vacated; case remanded to the Superior Court with directions that it enter judgment remanding to the District Court for entry in the District Court of "judgment for the defendants."

All concurring.

---

4. Neither party challenges the Superior Court's interpretation of the Bicknell mortgage on appeal.