Edward N. ROACH, Plaintiff–Appellant,

v.

**WEST VIRGINIA REGIONAL JAIL AND CORRECTIONAL FACILITY AUTHORITY, Defendant–Appellee.**

No. 94–7507.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 1, 1995.

Decided Jan. 29, 1996.

**ARGUED:** John Christian Yoder, Harpers Ferry, West Virginia, for Appellant. Amy Marie Smith, Steptoe & Johnson, Clarksburg, West Virginia, for Appellee. **ON BRIEF:** Richard M. Yurko, Jr., Steptoe & Johnson, Clarksburg, West Virginia, for Appellee.

Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and MICHAEL, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Vacated and remanded with instructions by published opinion. Judge Wilkins wrote the opinion, in which Chief Judge Ervin and Senior Judge Michael joined.

## OPINION

WILKINS, Circuit Judge:

Edward N. Roach brought this action in state court against his former employer the West Virginia Regional Jail and Correctional Facility Authority (RJA), alleging that he was terminated in violation of his federal constitutional and civil rights, *see* 42 U.S.C.A. § 1983 (West 1994), and West Virginia law. After the RJA removed the case to federal court, the district court dismissed the action. Although Roach concedes that the Eleventh Amendment acts as a bar to federal-court jurisdiction over his claims, he contends that the district court erred by dismissing the action rather than remanding

it to state court. We agree and accordingly vacate the dismissal and remand to the district court with instructions to remand the action to state court.

I.

Roach worked as a correctional officer at the RJA facility in Martinsburg, West Virginia from March 1989 until his termination in April 1992. He first filed an action in federal district court against the RJA and RJA officials Billy B. Burke and Howard Painter in both their official and individual capacities. Roach alleged, among other things, that these defendants suspended and then discharged him without notice or a hearing, thereby depriving him of a property interest in continued employment without due process of law. Roach further contended that this act violated provisions of West Virginia law.

The district court held that because the RJA and the individual defendants in their official capacities were state entities, they were immune from suit in federal court under the Eleventh Amendment. It also ruled that none of these defendants were "persons" subject to suit under § 1983. Accordingly, the district court dismissed all the claims against the RJA and the individual defendants in their official capacities.*

Roach subsequently filed a substantially identical complaint against the RJA in West Virginia state court, again alleging § 1983 causes of action and several state-law claims. The RJA removed the action to federal court based on federal-question jurisdiction. *See* 28 U.S.C.A. § 1441(b)–(c) (West 1994). Simultaneously, the RJA filed a motion to dismiss contending that it was not a "person" amenable to suit under § 1983 and that it enjoyed Eleventh Amendment immunity. For the reasons stated in its earlier decision, the district court granted the motion and dismissed the action in its entirety. From this decision, Roach appeals.

II.

It is well established that the Eleventh Amendment bars suit in federal court by an individual citizen against a sovereign state of the Union. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana,* 134 U.S. 1, 16–17, 10 S.Ct. 504, 507–08, 33 L.Ed. 842 (1890). The parties do not dispute that the RJA, a state agency, is in fact an "arm of the state" and that the Eleventh Amendment bars this action against the RJA in federal court. *See Gray v. Laws,* 51 F.3d 426, 430 (4th Cir.1995). In effect, the Eleventh Amendment limits the ability of a federal district court to exercise its subject-matter jurisdiction over an action brought against a state or one of its entities. Although not a true limit on the subject-matter jurisdiction of the federal courts, the Eleventh Amendment is "a block on the exercise of that jurisdiction." *Biggs v. Meadows,* 66 F.3d 56, 60 (4th Cir.1995); *cf. Smith v. Wisconsin Dep't of Agric., Trade & Consumer Protection,* 23 F.3d 1134, 1140 (7th Cir.1994) (stating that "federal courts do not have subject-matter jurisdiction over suits against a state"). As a result, the district court lacked the ability to exercise subject-matter jurisdiction over this action.

Thus, the primary issue presented to us is whether the district court, given its inability to exercise subject-matter jurisdiction over Roach's claims, was required to remand the action to state court. The RJA argues that a district court has the discretion to dismiss the case in its entirety. As the question before us is purely one of law, we review the issue de novo. *See Mylan Laboratories, Inc. v. Akzo, N.V.,* 2 F.3d 56, 60 (4th Cir.1993).

Remand to state court following removal is governed by 28 U.S.C.A. § 1447 (West 1994), and the statute is clear and unambiguous. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case shall be remanded.*" 28 U.S.C.A. § 1447(c)

---

* The action against Burke and Painter in their individual capacities was still pending when this action was argued before this court.

(emphasis added). The plain language of § 1447(c) gives "no discretion to dismiss rather than remand an action" removed from state court over which the court lacks subject-matter jurisdiction. *International Primate Protection League v. Administrators of Tulane Educational Fund,* 500 U.S. 72, 89, 111 S.Ct. 1700, 1710, 114 L.Ed.2d 134 (1991) (internal quotation marks omitted).

 Applying the above principles, it is evident that the district court erred by dismissing the action rather than remanding. The Eleventh Amendment prevented the district court from exercising subject-matter jurisdiction over Roach's claims. Therefore, § 1447(c) required the court to remand the action to state court. *See Smith,* 23 F.3d at 1140; *Henry v. Metropolitan Sewer Dist.,* 922 F.2d 332, 338 (6th Cir.1990).

### III.

Despite the plain requirement of § 1447(c), the RJA alternatively contends that we may affirm the dismissal by the district court on the basis of its ruling that the RJA is not a "person" within the meaning of § 1983. It argues that the district court was correct that the RJA is not amenable to suit under § 1983, and, because the state court will undoubtedly reach the same conclusion, a remand would result merely in a waste of judicial resources. We cannot agree.

First, because the district court lacked jurisdiction over the action, it could not rule on the merits of the claim. *See Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Smith,* 23 F.3d at 1139 n. 10; *Henry,* 922 F.2d at 338; *cf. Goldsmith v. Mayor & City Council of Baltimore,* 845 F.2d 61, 64 (4th Cir.1988) ("A federal court must satisfy itself that it has jurisdictional power to rule on the merits of a case."). Second, the futility of a remand to West Virginia state court does not provide an exception to the plain meaning of § 1447(c). *See International Primate Protection League,* 500 U.S. at 87–89, 111 S.Ct. at 1709–10; *Smith,* 23 F.3d at 1139; *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Servs.,* 876 F.2d 1051, 1055 (1st Cir.1989).

Finally, even if the state court ultimately concludes the RJA is not amenable to suit under § 1983, that ruling would not be dispositive of the state-law claims.

### IV.

For the above reasons, we vacate the order of the district court dismissing Roach's complaint in its entirety. We remand the action to the district court with instructions that it be remanded to West Virginia state court.

*VACATED AND REMANDED WITH INSTRUCTIONS.*