David A. BRAYTON, Jr.,

v.

**BOSTON SAFE DEPOSIT AND TRUST COMPANY.**

Civ. A. No. 96–003–T.

United States District Court,
D. Rhode Island.

Aug. 28, 1996.

Henry M. Swan, Davis, Kilmarx, Swan & Kohlenberg, Providence, RI, for Plaintiff.

Thomas C. Angelone, Kevin M. Cain, Hodosh, Spinella & Angelone, Providence, RI, David S. Rosenthal, John F. Hemenway, Hutchins, Wheeler & Dittmar, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER

TORRES, District Judge.

This case is before the Court for consideration of the defendant's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on the ground that a prior action involving the same subject matter is pending in the Massachusetts Probate Court.[1] For the reasons stated below, the defendant's motion to dismiss is granted.

### Facts

David Brayton, Jr., (Brayton) and Boston Safe Deposit and Trust Company (the Bank) are co-trustees of two trusts established by

---

1. Although the motion does not specifically refer to Rule 12(b)(1), it seems clear that the defendant contends that the prior action deprives this Court of subject matter jurisdiction.

Brayton's parents who are now deceased. During Brayton's lifetime, the Bank, as the disinterested trustee, has discretion to direct payment of as much of the income and/or principal as it deems appropriate to Brayton and/or his issue. Upon Brayton's death, the remaining trust assets are to be paid to Brayton's surviving issue. At the present time, Brayton's only issue is his minor son, David A. Brayton, III.

Brayton is dissatisfied with the Bank's performance as trustee mainly because of a disagreement regarding the investment of the trust assets. Since the inception of the trusts, a substantial portion of their assets has consisted of stock in two publicly traded corporations. Brayton wants the trusts to retain that stock, but the Bank wants to diversify the trusts' holdings by selling some of the stock and reinvesting the proceeds in mutual funds.

As a result of that disagreement and other grievances, Brayton threatened to initiate this action seeking damages and removal of the Bank as trustee. The Bank "beat him to the punch" by commencing an action in the Massachusetts Probate Court asking, among other things, for a declaration that the Bank has acted properly with respect to the trusts. Brayton, then, brought this action apparently in his capacity as a beneficiary of the trusts.

The complaint alleges *inter alia* that the Bank has failed to adequately communicate with Brayton and the beneficiaries; that it does not maintain proper records or provide proper statements; that its fees are excessive; and that it has not properly managed and invested trust assets. The requested relief is that the Bank be removed as trustee and that it be required to pay damages and attorneys' fees.

### Discussion

■ One of the most litigated issues in our system of federalism is what effect a state court action has on a subsequent federal court suit involving the same parties and similar issues. When a federal court has jurisdiction to entertain the subsequent suit, it generally has an "unflagging obligation" to exercise that jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). However, a federal court has discretion to refrain from exercising its jurisdiction when recognized grounds for abstention exist or, alternatively, it may stay further proceedings when that course would promote "wise judicial administration." *Aetna Casualty & Sur. Co. v. Kelly*, 889 F.Supp. 535, 538 (D.R.I.1995).

In this case, the issue presented by the defendant's motion to dismiss is not whether this Court should decline or delay exercising its jurisdiction. Rather, the issue is whether this Court is vested with jurisdiction in light of the Supreme Court's decision in *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939).

In *Princess Lida*, it was held that when suits dealing with the same subject matter are pending in both federal and state courts, both actions may proceed if they are "strictly *in personam*" but that the court in which the second action was brought is without jurisdiction to proceed if the actions are "*in rem* or *quasi in rem*." 305 U.S. at 466, 59 S.Ct. at 280. The rationale underlying that rule is that, in *in rem* or *quasi in rem* actions, the Court "must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought...." *Princess Lida*, 305 U.S. at 466, 59 S.Ct. at 280.

■ Determining which label applies to any given case is no easy task. However, the difficulty is lessened when the dispute relates to a trust. Actions in which the plaintiff seeks nothing more than an adjudication of the nature or the quantum of his interest in a trust are considered to be *in personam*. On the other hand, actions that deal solely with the "administration and restoration of corpus" are deemed to be *in rem* or *quasi in rem*. *Princess Lida*, 305 U.S. at 466–67, 59 S.Ct. at 280–81. The critical inquiry is whether the court first assuming jurisdiction can "effectively exercise the jurisdiction vested in it, without a substantial measure of control of the trust funds." *Princess Lida*, 305 U.S. at 467, 59 S.Ct. at 281.

In drawing the line between disputes over the nature or quantum of a beneficiary's interest and disputes involving trust administration or the restoration of corpus, courts have attached great significance to the nature of the relief sought. A case in which a beneficiary personally sues a trustee for damages resulting from an alleged breach of fiduciary duty is classified as *in personam* when the trust, itself, is not directly implicated. *See, e.g., Southwestern Bank & Trust Co. of Oklahoma City v. Metcalf State Bank,* 525 F.2d 140, 142–43 (10th Cir.1975); *Rogers v. Girard Trust Co.,* 159 F.2d 239, 242 (6th Cir.1947). In contrast, a suit alleging mismanagement and seeking an accounting, restoration of funds to the trust and/or removal of the trustee is deemed to be *in rem* or *quasi in rem. See, e.g., Princess Lida,* 305 U.S. at 459, 467–68, 59 S.Ct. at 280–81 (suit praying for removal of trustees, an accounting and payment to the trust of losses caused by mismanagement is *in rem* ); *Cassity v. Pitts,* 995 F.2d 1009, 1011–12 (10th Cir.1993) (suit seeking damages based on RICO and state fraud claims and seeking a declaration that the trust is void is *in rem* or *quasi in rem* because it requires the court "to construe the trust and define the duties, obligations and responsibilities of Trustees"); *Boone v. Wachovia Bank & Trust Co.,* 163 F.2d 809, 815 (D.C.Cir.1947) (action to remove a trustee is *quasi in rem* ); *Shaw v. First Interstate Bank of Wisconsin, N.A.,* 695 F.Supp. 995, 998 (W.D.Wis.1988) (suit seeking restoration of corpus allegedly lost because of the former trustee's negligence is *quasi in rem* ).

In this case, the relief requested is very similar to that claimed in *Princess Lida.* Brayton seeks the Bank's removal as trustee and damages for alleged mismanagement consisting of the Bank's proposed reinvestment of corpus and a failure to properly perform its custodial duties. Both are matters that directly relate to "administration" of the trust rather than the nature or quantum of Brayton's interest in the trusts. Moreover, it would be difficult, if not impossible, for any court to effectively exercise jurisdiction by determining the manner in which trust assets should be invested and managed unless it can establish control over the trust assets. Splintering what essentially is a single dispute regarding trust administration into a multitude of sub-issues litigated in different courts creates a substantial risk of conflicting orders that could undermine the ability of either court to provide an effective remedy.

The fact that Brayton brought this suit in his individual capacity and seeks an award of what he denominates as "damages" does not convert the suit into an *in personam* action. Brayton's claim is based entirely on alleged deficiencies in the Bank's administration of the trusts.

Moreover, even the "damages" claim implicates the trust, itself. Because the "damages" claim is based on allegations that the Bank has charged "grossly excessive fees" and has failed in some unspecified way to "take advantage of appropriate [investment] opportunity," it is more properly classified as a claim for the restoration of corpus and/or for an accounting rather than as an individual claim for damages that may be asserted solely by Brayton as one of the beneficiaries. Although Brayton might be able to maintain such an action in his capacity as a co-trustee on behalf of all of the beneficiaries, he has chosen to sue in his individual capacity, apparently in the hope that the action would be viewed as one not involving the trust.

### Conclusion

For all of the foregoing reasons, I find that this action and the action previously commenced in the Massachusetts Probate Court are *quasi in rem* within the meaning of *Princess Lida.* Consequently, this Court lacks subject matter jurisdiction and, therefore, the defendant's motion to dismiss is granted.

IT IS SO ORDERED.