**Jonathan O. STRAUS, Individually; Francine Straus, Individually; and Jonathan O. Straus and Francine Straus, as Parents of James J. Straus, A Minor**

v.

**John W. STRAUS, Individually and as Trustee of the Oliver H. Straus Trust Dated December 26, 1941; Gilbert S. Edelson, Individually and as Trustee of the Oliver H. Straus Trust Dated December 26, 1941; Bessemer Trust Company, N.A. and John W. Straus, as Executors of the Will of Edward K. Straus.**

Civil Action No. 97–11203–RGS.

United States District Court,
D. Massachusetts.

Nov. 28, 1997.

Toni G. Wolfman, Fley, Hoag & Eliot, Boston, MA, Stephen M. Winnick, Law Office of Stephen M. Winnick, Watertown, MA.

### MEMORANDUM ON PLAINTIFFS' MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS

STEARNS, District Judge.

Plaintiffs Jonathan O. Straus, a beneficiary of the Oliver H. Straus Trust (the "Trust"), his wife Francine Straus, and their minor son, James J. Straus, originally filed this lawsuit in the Massachusetts Superior Court.

The complaint alleges mismanagement of the trust corpus and breach of fiduciary duty on the part of the defendant trustees. Plaintiffs also ask for an injunction compelling regular distributions of principal from the Trust to meet their extraordinary medical costs and reasonable and necessary living expenses. On May 28, 1997, defendants removed the case to this court based on the diversity of citizenship among the parties. Plaintiffs argue that if this court determines that it lacks subject matter jurisdiction, the case should be remanded to the Norfolk Superior Court. Defendants contend that the case must be dismissed because the New York Surrogate's Court has exclusive jurisdiction over the Trust *res.*

## FACTS

For present purposes, the relevant facts are these. Plaintiffs are residents of Wellesley, Massachusetts. Jonathan Straus, his sister Elizabeth Loop, and Helen Straus (the minor daughter of Jonathan's deceased brother George) are the primary beneficiaries of the Trust.[1] The Trust was created by Jonathan Straus's father, Oliver H. Straus, a Massachusetts resident, and a member of the family that founded R.H. Macy & Co. The Trust contains a choice of law clause which provides that "[t]his instrument and the trusts hereby created shall be construed, performed and executed under and in accordance with the laws of the Commonwealth of Massachusetts." Art XIX, at 33.

The defendant trustees are New York residents. The Trust corpus is maintained in New York by the defendant Bessemer Bank, N.A. On March 17, 1997, the trustees filed a petition in the Surrogate's Court of the County and State of New York (the "Surrogate's Court") seeking a judicial settlement and an allowance of their accounts in anticipation of the substitution of U.S. Trust Company of New York as the trustee.[2] The Surrogate's Court issued a citation to all interested parties on March 26, 1997, directing them to appear on May 23, 1997, a date subsequently adjourned to June 24, 1997. As of May 23, 1997, all of the parties to the New York proceeding (that is, all persons having an interest in the Trust), had been served with the citation. The Attorney General of the State of New York appeared on April 18, 1997. On May 22, 1997, plaintiffs filed their objections to the accounting.[3]

Approximately two weeks prior to entering an appearance in the Surrogate's Court, plaintiffs filed this action in the Massachusetts Superior Court. The Complaint contains claims for willful breach of fiduciary obligations (Count I), breach of fiduciary obligations (Count II), intentional infliction of physical injury and emotional distress (Count III), and negligent infliction of physical injury and emotional distress (Count IV). Defendants were served with the Complaint on May 14, 1997, and filed the Notice of Removal on May 28, 1997.

## DISCUSSION

### Lack of Jurisdiction

A suit challenging the administration of a trust and seeking damages against its trustees for the manner in which trust assets have been distributed is *quasi in rem*. *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466–467, 59 S.Ct. 275, 280–281, 83 L.Ed. 285 (1939). In *Princess Lida*, the Supreme Court considered whether a Pennsylvania federal district court could entertain a suit brought by the beneficiaries of an *inter vivos* trust alleging mismanagement of the trust funds and praying that the trustees be removed and held to an accounting. The state court earlier had assumed jurisdiction over the trust by virtue of the trustees' filing of an accounting. The United States Supreme Court upheld the decision of the Pennsylvania Supreme Court

---

1. Elizabeth Loop is a resident of California; Helen, the minor beneficiary, is a resident of New Hampshire.

2. Defendants state that their intention in resigning as trustees is to extricate themselves from an increasingly bitter intrafamily dispute over their management of the Trust. Plaintiffs contend that the trustees' petition seeking a settlement is simply "an exquisite stratagem of forum shopping". Plaintiffs' Memorandum, at 2.

3. Plaintiffs' Objections mirror Counts I and II of their Complaint. The Complaint is attached as an exhibit to the Objections.

barring the petitioners from proceeding in the federal district court. The Court held that "the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other." Id. at 466, 59 S.Ct. at 280. See also *United States v. One 1986 Chevrolet Van*, 927 F.2d 39, 44 (1st Cir.1991).

Plaintiffs argue that the *Princess Lida* doctrine is a narrow exception to the general rule of concurrent jurisdiction and applies only where the judgment sought is *in rem* or *quasi in rem* and not, as here, where judgment is sought personally against the trustees. Plaintiffs attempt to distinguish their case from *Princess Lida* and defendants' other cited cases by pointing out the differences in their claims and requested relief. Asserting that their claims sound primarily in tort, plaintiffs also contend that the Surrogates Court does not have the power to afford them the full relief that they seek.

The Surrogate's Court is a court of limited jurisdiction. Article VI, Section 12(d) of the New York State Constitution states:

> [t]he surrogate's court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto, guardianship of the property of minors, and such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law.

However subject matter jurisdiction over *inter vivos* trusts was granted to the surrogates' court in 1984 by statute. Surrogate's Court Procedure Act § 209, states that the Surrogate's Court has the power "to determine *any* and all matters relating to lifetime trusts." (Emphasis added).

Plaintiffs point to *Matter of Piccione's Estate*, 57 N.Y.2d 278, 456 N.Y.S.2d 669, 442 N.E.2d 1180 (1982) and *Matter of Goldstick*, 177 A.D.2d 225, 581 N.Y.S.2d 165 (N.Y.A.D. 1 Dept., 1992), as supporting their position that this case exceeds the jurisdiction of the Surrogate's Court. In *Piccione*, the Court of Appeals held that an action for malicious prosecution and abuse of process against the executors of an estate was not within the

subject matter jurisdiction of the Surrogate's Court. Malicious prosecution and abuse of process are torts "involving the commission of an act which is motivated by an improper purpose . . . [and] that an executor who had committed such an act would be liable in an individual rather than in a representative capacity." *Piccione*, 57 N.Y.2d at 291, 456 N.Y.S.2d 669, 442 N.E.2d 1180. Therefore the court determined that such claims "cannot be said to relate to either the affairs of the decedent or the administration of his estate." Id. However, the claims in *Piccione* were asserted by third parties and not by the beneficiaries of the trust.

In *Matter of Goldstick*, the Appellate Division of the New York Supreme Court, held that where the beneficiaries of a trust challenged the conduct of the trustee co-fiduciaries, the Surrogate's Court lacked subject matter jurisdiction. 177 A.D.2d at 241, 581 N.Y.S.2d at 174. But as the trustees point out, the dispute in *Goldstick* was over a transaction involving the beneficiaries' own property. Id.

*Princess Lida* specifically states that

> if two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of one court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process . . . but applies as well where suits are brought to marshall assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. . . . While it has no application to a case in federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, this is not such a case. No question is presented in the

federal court as to the right of any person to participate in the res or as to the quantum of his interest in it. *The contentions are solely as to administration and restoration of corpus.* (Emphasis added) (footnotes omitted).

305 U.S. at 466–467, 59 S.Ct. at 280–281.

■ The gravamen of the plaintiffs' Complaint (whatever the labels that have been attached to the individual claims) is that the trustees have "breached their fiduciary obligations, including failure to properly investigate beneficiary need ... and refusal to make appropriate distributions of principal". Complaint, ¶ 16. Because fundamentally, the resolution of plaintiffs' lawsuit would require the court "to construe the trust and define its duties, obligations and responsibilities of Trustees" it is *quasi in rem* in nature and therefore controlled by *Princess Lida.* See *Cassity v. Pitts,* 995 F.2d 1009, 1011 (10th Cir.1993).

### The Motion to Remand

■ Plaintiffs next maintain that if this court determines that it lacks jurisdiction because of *Princess Lida,* its only recourse is to remand the case to the Norfolk Superior Court pursuant to 28 U.S.C. 1447(c).[4] Plaintiffs base their argument for remand on the literal language of § 1447(c) and an alleged lack of subject matter jurisdiction. "This court has no power to dismiss the action in deference to a different state court· or to remand the case to a different court than the court from which it was removed, even if, as defendants maintain, the state court is not the proper forum for resolution of the· case." Plaintiffs' Memorandum, at 2. The comments to § 1447(c) make clear that remand for lack of subject matter jurisdiction is not discretionary. Siegal, D., Commentary on 1996 Revision of Section 1447(c), 28 U.S.C.A. § 1447(c) (West 1997 Supp.). See also *Roach v. West Virginia Regional Jail and Correctional Facility Authority,* 74 F.3d 46, 48–49 (4th Cir.1996) (without subject matter juris-

diction federal court is compelled to remand case rather than entertain motion to dismiss); *New England Concrete Pipe Corporation v. D/C Systems of New England, Inc.,* 658 F.2d 867, 874 (1st Cir.1981) (vacating district court's dismissal based upon lack of jurisdiction with instructions to remand case to state court where originally filed); 14A Wright, Miller & Cooper, Federal Practice And Procedure § 3739, at 286–287 (1996) ("Federal judges do not have the authority to 'transfer' cases by remanding them to different courts within the same state regardless of jurisdiction, venue and efficiency issues").

■ Plaintiffs also request that the court award them their related costs and attorneys' fees. "Where bad faith, improper motivation or improvidence is demonstrated in seeking removal, an award of attorneys' fees is clearly warranted." *Gray v. New York Life Ins. Co.,* 906 F.Supp. 628, 637 (N.D.Ala. 1995).

### Motion to Dismiss

Defendants argue that dismissal of the action is appropriate because *Princess Lida* does not divest federal courts of subject matter jurisdiction over trusts (the predicate requirement for remand under § 1447(c)); it merely establishes a· rule of precedence determining which of two potentially dueling courts will have primary jurisdiction over the trust *res.* While no case apparently directly addresses the issue, defendants point out that federal courts routinely dismiss cases where *Princess Lida* vests jurisdiction in the court earlier in time. See, e.g., *Brayton v. Boston Safe Deposit and Trust Co.,* 937 F.Supp. 150, 151–152 (D.R.I.1996).

■ I conclude that on balance, the defendants have the better argument. *Princess Lida* is, at most, a rule of comity based on policy considerations not unlike those underlying the abstention doctrine. Had this court been first in time, or for that matter had the

---

4. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time prior to final judgment it appears that the district court lacks subject mat-

ter jurisdiction, the case *shall be remanded.* An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis supplied).

**56**

plaintiffs been the first to file in the Superior Court (assuming that personal jurisdiction under the Massachusetts Long Arm Statute exists), *Princess Lida* would dictate jurisdiction in one or the other Massachusetts fora rather than in New York.

The cases cited by plaintiffs that purportedly deprive this court of discretion to dismiss their lawsuit all involve instances where a district court lacked true subject matter jurisdiction. See, e.g., *International Primate Protection League v. Administrators of Tulane Educational Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 1709, 114 L.Ed.2d 134 (1991); *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dept. of Human Services,* 876 F.2d 1051, 1053–1054 (1st Cir.1989). I also note that in *International Primate,* supra, the Court acknowledged an exception to remand under § 1447(c) where the futility of a remand is a certainty. Id. at 88–89, 111 S.Ct. at 1710. See *Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37, 41 (2d Cir. 1991) (same). See also *Maine Ass'n of Interdependent Neighborhoods,* supra at 1054 ("[W]e are unwilling to read such discretion [to dismiss] into the statute, here, because we cannot say with absolute certainty that remand would prove futile"); *Bell v. City of Kellogg,* 922 F.2d 1418, 1424–1425 (9th Cir. 1991) (applying the futility exception). But see *Schacht v. Wisconsin Dept. of Corrections,* 116 F.3d 1151, 1153 (7th Cir.1997) (denying the existence of an exception).

### *ORDER*

For the foregoing reasons, the Complaint is *DISMISSED.*

SO ORDERED.