UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EMILE HADDAD,
Plaintiff-Appellant,

v.

No. 98-1250

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge;
Leonie M. Brinkema, District Judge.
(CA-97-388)

Submitted: July 21, 1998

Decided: August 6, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Emile Haddad, Appellant Pro Se. Jerry Dean Cain, Kay Heidbreder,
VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY,
Blacksburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emile Haddad appeals from the district court orders dismissing his due process and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1998), claims, and denying his motion to amend judgment or for a new trial, and granting Appellee's post-trial motion for judgment as a matter of law. For the reasons discussed below, we affirm.

Haddad first asserts that the district court erred in dismissing his claim that Virginia Polytechnic Institute & State University's ("Virginia Tech") actions with respect to denying him tenure violated his due process rights under the Fourteenth Amendment. We need not decide whether Haddad had a legitimate property interest in being granted tenure because the record shows that Haddad received adequate procedural due process protections prior to his denial of tenure and termination. With respect to Haddad's other alleged due process violations, Haddad's failure to acquire tenure status gave him no due process property interest in continued employment, and his allegations of conversion and that Virginia Tech's actions hindered his ability to find future employment are not cognizable due process claims.

Haddad also contends that the Eleventh Amendment barred the district court from exercising jurisdiction over his due process claims. The Eleventh Amendment limits the ability of a federal district court to exercise its subject-matter jurisdiction over an action for damages brought by an individual citizen against a state or one of its entities. See Lynn v. West, 134 F.3d 582, 586-87 (4th Cir. 1998) petition for cert. filed (May 11, 1998); Roach v. West Virginia Reg'l Jail & Correctional Facility Auth., 74 F.3d 46, 48 (4th Cir. 1996). In so far as Haddad sought damages for the alleged due process violations, we agree with Haddad that the Eleventh Amendment barred the district court from exercising jurisdiction over the claim. Because the district

2

court lacked jurisdiction over the claim, we find that the court erred in dismissing the claim with prejudice. We therefore affirm as modified the district court order dismissing Haddad's due process claim reflecting dismissal of this claim without prejudice.

Haddad next assigns error to the district court's September 5, 1997, order granting Virginia Tech summary judgment on claims of retaliation and age discrimination.

Haddad first complained about age discrimination in the summer of 1995. Because Haddad did not engage in any prior form of protected activity, the district court properly found that he failed to establish a prima facie case of retaliatory discrimination based on events that occurred prior to the summer of 1995. Haddad also failed to establish a prima facie case of age discrimination in the denial of tenure. The only evidence Haddad presented that his age may have affected his employment status was a letter written in February 1995. The decision to deny Haddad tenure became final in January 1994. Therefore, the district court properly dismissed Haddad's claim that he was denied tenure on the basis of age due to his failure to present any evidence that age played a factor in the decision to deny him tenure. See Lovelace v. Sherwin-Williams Co., 681 F.2d at 230, 243 (4th Cir. 1982).

Haddad also failed to present any evidence suggesting that he was discriminated against on the basis of age after he was denied tenure. Virginia Tech found a substitute professor to teach Haddad's summer 1995 course load in direct response to Haddad's letter indicating his desire to stop teaching for the summer 1995 session. The record further discloses that Haddad's complaints of promotion denials, loss of benefits, and removal from his office were all the result of his having been denied tenure and that Haddad's age had no effect on these employment actions. Accordingly, the district court properly granted summary judgment on these claims.

Haddad's final claim is that the district court erred in denying his post-trial motion to amend the judgment or for a new trial, and in granting Virginia Tech's Rule 50(b) renewed motion for judgment as a matter of law. This court reviews a denial of a Fed. R. Civ. P. 59 motion for a new trial for an abuse of discretion. See Browning-Ferris

3

Indus. v. Kelco Disposal, Inc., 492 U.S. 257, 279 (1989). Judgment as a matter of law under Federal Rule of Civil Procedure 50 is proper "`when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment.'" Singer v. Dungan, 45 F.3d 823, 826 (4th Cir. 1995) (quoting 5A James W. Moore, Moore's Federal Practice ¶ 50.07[2], at 50-76 (2d ed. 1994)). We review de novo the district court's decision to grant judgment as a matter of law. See Benesh v. Amphenol Corp. (In re Wildewood Litig.), 52 F.3d 499, 502 (4th Cir. 1995).

The district court set aside the jury's verdict finding that Virginia Tech retaliated against Haddad by not paying him for the summer 1995 session. Although Haddad made out a prima facie case by showing that Virginia Tech refused to pay him for teaching in the summer of 1995 after he complained of age discrimination, he failed to present evidence rebutting Virginia Tech's legitimate, non-discriminatory explanation for its actions. The evidence showed that on June 1, 1995, Haddad requested that Virginia Tech find a substitute instructor to teach his summer schedule. Virginia Tech then hired a replacement instructor and paid the replacement instructor as if he had taught the entire course. Virginia Tech offered evidence that it did not pay Haddad for the services he rendered because he broke his contract with the school by not teaching the summer session to completion. Haddad then offered no evidence to rebut Virginia Tech's proffered non-discriminatory reason for denying Haddad wages. Accordingly, Haddad failed to meet his ultimate burden of showing that Virginia Tech had a retaliatory motive in denying him payment. Therefore, the district court correctly granted Virginia Tech's renewed motion for judgment as a matter of law.

We further find that the evidence in the record supports the jury's verdict entered in favor of Virginia Tech, and Haddad points to no clear error of law or manifest injustice in support of his claim that the district court erred in denying his motion to amend the judgment. Thus the district court did not abuse its discretion in denying Haddad's motion to amend the judgment or in the alternative for a new trial. See Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Finally, we find no abuse of discretion in the manner in which the district court conducted Haddad's trial.

Accordingly, we affirm the district court orders disposing of Haddad's claims. We affirm as modified the district court order entered on June 17, 1997, to reflect dismissal of Haddad's due process claims without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

5