**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6854**

COMMONWEALTH OF VIRGINIA,

                Plaintiff - Appellee,

      v.

SIMON BANKS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:04-po-00248-JCC-1)

Submitted: October 23, 2012     Decided: November 29, 2012

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Simon Banks, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Simon Banks appeals from district court orders denying his Fed. R. Civ. P. 60(b) motion and his Fed. R. Civ. P. 59 motion. In July 2004, Banks filed a notice of removal in the district court under 28 U.S.C. § 1443 (2006), seeking to remove criminal proceedings from the Circuit Court for the City of Alexandria, Virginia. This case stayed on the district court's docket for several years while Banks filed numerous motions and notices. The district court twice ordered Banks to show cause why the removed action should not be dismissed for lack of subject matter jurisdiction. Banks filed timely responses to both notices.

In the Circuit Court for the City of Alexandria, the criminal action proceeded despite the notice of removal and after a trial, Banks was convicted of several fraud offenses and sentenced to two years and six months' imprisonment with two years suspended. His appeal was dismissed. Banks has served his sentence.

On May 13, 2011, after a period of inactivity and without the district court determining whether it had subject matter jurisdiction, the case was apparently administratively closed. We say "apparently" because there was no order entered on the docket sheet indicating the case was closed. On March 8, 2012, Banks filed the Rule 60(b) motion seeking to reinstate the

2

action, which was denied.  Banks followed up with a Rule 59 motion seeking reconsideration of the denial of his Rule 60 motion.  The court denied that motion and Banks filed a timely notice of appeal from both orders.

In certain circumstances, a state criminal prosecution may be removed to the district court.  See 28 U.S.C. § 1443.  A prerequisite to removal "is a showing that the defendant is being denied rights guaranteed under a federal law providing for specific rights stated in terms of racial equality."  South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971) (internal quotation marks omitted).  Removal of a criminal case is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts. See Georgia v. Rachel, 384 U.S. 780, 788 (1966).  If it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded."  28 U.S.C. § 1447(c) (2006); see also Roach v. West Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996) (court has no discretion to dismiss a removed case over which it has no subject matter jurisdiction).

Our review of the district court's record shows that there was never an order entered on the docket sheet on May 13, 2011, directing that the case be administratively closed. Clearly, this was an error.  See Fed. R. Crim. P. 55 (the district court must keep records of criminal proceedings and

3

"enter in the records every court order or judgment and the date of entry."); Fed. R. Civ. P. 79(2) (all orders must be entered on the docket). Nor is there any record that Banks was notified by the court that the case was administratively closed until he contacted the court inquiring as to the status.

In this instance, we will not remand for the purpose of having the district court remand the action to state court. The state court never acted as if the criminal action was removed and proceeded to bring the criminal proceedings to a conclusion with a trial, convictions and sentence.[*] Since the convictions, Banks has served his sentence. Thus, under these unique circumstances, there is nothing to remand. After his convictions, Banks had other avenues upon which he could raise the issue that he was denied a fair trial due to circumstances relating to racial equality. There is no remedy this court or the district court can provide under these circumstances. See Central States, Se. & Sw. Areas Pension Fund v. Central Transp., Inc., 841 F.2d 92, 95-96 (4th Cir. 1988) (If there is no longer a case or controversy, or there is an event that makes it impossible for the court to provide relief, the appeal is moot and should be dismissed.).

---

[*] We also note that the Commonwealth's Attorney never appeared in the district court action.

Accordingly, because there is no relief that can be provided to Banks, we dismiss the appeal as moot. We deny Banks' motion to supplement the record and his motion construed as a petition for a writ of mandamus seeking an order directing the district court to have an evidentiary hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED