[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14396
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-63037-RS

JASON SIMIONE,

Plaintiff - Appellant,

versus

RICKY LIBMAN,
in his individual capacity as Deputy Sheriff
of the Broward County Sheriff's Office,
LUIS RIVERA,
in his individual capacity as Deputy Sheriff
of the Broward County Sheriff's Office,
DONNA LEE PEPLIN,
in individual capacity,
MEGUMI HAGA,
in individual capacity,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 23, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Jason Simione appeals the sua sponte dismissal of his amended complaint

for lack of subject matter jurisdiction.  Because we find that what remains of this

case should be remanded to the state court from which it came, we vacate the

district court's order and remand it so that may happen.

The essential facts are these.  On November 27, 2018 Simione filed a

complaint in Florida state court alleging that five defendants—Ricky Libman, Luis

Rivera, Dana Heinsen, Donna Peplin, and Megumi Haga—individually,

collectively, or through conspiracy violated his civil rights under 42 U.S.C.

§ 1983.[1]

Simione alleges that Haga (his ex-wife) and Peplin (his mother) collaborated

with Rivera and Lipman (law enforcement officers) to falsely arrest him based on

fabricated allegations, to gain advantage on a child custody matter.  Rivera and

Libman removed the case to the United States District Court for the Southern

---

[1] Simione voluntarily dismissed Heinsen as a defendant and therefore she is not a defendant on appeal.

2

District of Florida.  They both filed motions to dismiss, and the district court granted their motions, dismissing the entire case in a single order.  Simione appealed that order, but he eventually voluntarily dismissed his appeal.

Because Haga and Peplin did not attempt to answer or otherwise defend the claims against them in federal court, Simione filed a motion to reopen the case as to those two defendants.  The court granted Simione's motion.  Simione then filed a motion to remand the case to state court, claiming the court no longer retained subject matter jurisdiction.  The district court denied Simione's motion.  It explained that his complaint alleged that Haga and Peplin violated § 1983, a federal statute, and therefore it had federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2]  Subsequently, Simione filed a motion to amend his complaint, and attached a proposed first amended complaint only alleging state law claims against Haga and Peplin.  The district court granted Simione's motion.  The next day the district court sua sponte issued an order "closing" the case for lack of subject matter jurisdiction.  It explained that the amended complaint divested the court of jurisdiction because it solely alleged violations of state law.  This appeal followed.

---

[2] Section 1331 states: "The district court shall have original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States."

3

Simione claims that the district court improperly dismissed the case, and that under 28 U.S.C. § 1447(c) it should have remanded the matter to the state court for further proceedings.

"We review [a] district court's determination that it lacked subject matter jurisdiction *de novo*." *See Mahone v. Ray*, 326 F.3d 1176, 1178 (11th Cir. 2003).

We agree with Simione that the district court should have remanded this case. Section 1447, which addresses court procedures after removal, states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). The plain language of the statute demonstrates that the district court was required to remand the suit once it found that it lacked subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (explaining that remand was "mandatory" under § 1447(c) when the district court decided it lacked subject matter jurisdiction); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252–53 (11th Cir. 1999) (claiming that a district court "must" remand when it finds that it lacks subject matter jurisdiction); *see also Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (pointing to the plain language of § 1447(c) to find that district court was required to remand a case to state court when it found that it lacked subject matter jurisdiction); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) (finding that "§ 1447(c)

required the [district] court to remand . . . to state court" when it did not have subject matter jurisdiction).

Accordingly, we vacate the district court's order dismissing the case for lack of subject matter jurisdiction and remand with instructions to further remand the case to the state court from which it was removed.

**VACATED AND REMANDED.**